IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David L. Hackney,

    Plaintiff,

  v.                        Case No. 2:14-cv-1216

Stonebridge Life Insurance
Company,

    Defendant.

OPINION AND ORDER

This is an action brought by plaintiff David L. Hackney, a citizen of North Carolina, against Stonebridge Life Insurance Company, a Vermont corporation with its principal place of business in Baltimore, Maryland. The complaint was originally filed in the Court of Common Pleas of Noble County, Ohio, on July 11, 2014. On August 12, 2014, defendant filed a notice of removal of the action to this court on the basis of diversity of citizenship.

Plaintiff alleges in his complaint that he is the son of Virginia Mildred Hackney, and the beneficiary of a life insurance policy in the amount of $25,000.00 issued to his mother by defendant on June 8, 2011. Complaint, ¶¶ 6-7. The policy application indicates that Virginia Hackney was a resident of Caldwell, Ohio. Plaintiff alleges that he submitted a claim for benefits following his mother's death on February 26, 2013. Complaint, ¶ 10. Plaintiff further states that by letter dated March 21, 2014, defendant denied his claim for benefits. Complaint, ¶ 12. Plaintiff alleges that defendant's refusal to pay benefits was without reasonable justification, that defendant failed to take reasonable efforts to investigate, negotiate and

adjust the claims, and that defendant breached the implied covenant of good faith and fair dealing.   Complaint, ¶¶ 16-19.

In its answer filed on August 18, 2014, defendant asserted as an affirmative defense that Virginia Hackney was required to provide truthful information on her policy application but did not do so, and that her answers were willfully false, fraudulently made and were material to defendant's acceptance of the risk, thereby rendering the policy void ab initio. Doc. 3, Affirmative Defenses ¶¶3-4. Defendant further stated that it was entitled to rescind the policy based on the material misrepresentations made on the application for insurance.  Doc. 3, Affirmative Defenses, ¶ 2. Defendant also asserted a counterclaim for rescission.  Defendant alleged that Virginia Hackney responded "No" on her application to the question of whether she had been diagnosed or treated by a licensed medical doctor in the past seven years for a brain, mental, or nervous disorder. Counterclaim, ¶¶ 8-9.  Defendant further alleges that because Virginia Hackney died within the two-year contestability period provided by the policy, it investigated the claim and obtained medical records from her treating physicians which revealed that from August 30, 2009, through September 2, 2009, and from October 30, 2010 to November 12, 2010, she was treated for a seizure disorder on an inpatient basis. Counterclaim, ¶¶ 14-17.  Based on her allegedly false answer, defendant notified plaintiff by letter dated March 21, 2014, that it was rescinding the policy, and returned the premiums paid to plaintiff. Counterclaim, ¶¶ 19-20.  Plaintiff did not accept the premium refund, and chose instead to file the instant action. Counterclaim, ¶ 21.  Defendant alleges that it is entitled to

2

rescind the policy and return the premiums paid because Virginia Hackney gave knowingly false answers on her application which were willfully false, fraudulently made; that her answer was material to defendant's decision to issue the policy; that defendant had no knowledge of the falsity of her answer because the policy did not require medical underwriting; and that, but for her answer, the policy would not have been issued. Counterclaim, ¶¶ 24-25.

This matter is before the court on plaintiff's motion pursuant to Fed.R.Civ.P. 12 to dismiss defendant's counterclaim. Although plaintiff does not identify the specific branch of Rule 12 upon which he relies, the court will construe plaintiff's motion as a motion to dismiss for failure to state a claim for which relief may be granted under Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the counterclaim in a light most favorable to the defendant, accept all well-pleaded allegations in the counterclaim as true, and determine whether defendant undoubtedly can prove no set of facts in support of those allegations that would entitle it to relief. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the counterclaim "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

In arguing for dismissal of defendant's counterclaim, plaintiff notes that defendant purportedly rescinded the policy in its letter dated March 21, 2014. Plaintiff contends that because

the policy has already been rescinded, defendant's counterclaim must be construed as a request for the court's ratification of that action through the entry of a declaratory judgment. Plaintiff then notes authority for the proposition that a declaratory judgment action does not take precedence over another pending case when the pending case will necessarily dispose of all the issues between the parties, citing <u>Fuller v. German Motor Sales, Inc.</u>, 51 Ohio App.3d 101, 103, 554 N.E.2d 139 (1988). From there, plaintiff argues that the counterclaim should be dismissed because any issues regarding defendant's right to rescind will be resolved in the litigation of plaintiff's claims.

The first problem with plaintiff's theory is his statement that rescission of the policy has already occurred. However, defendant's attempted rescission of the policy achieved no final resolution of the parties' contractual obligations because plaintiff refused to accept the tendered premiums and instead filed the instant action. When plaintiff invoked the assistance of the courts in resolving the parties' contractual disputes, the defendant's right to rescind the policy was no more settled than plaintiff's right to benefits under the policy. Both plaintiff and defendant are entitled to litigate those issues in this case.

The court further notes that plaintiff's attempts to characterize defendant's counterclaim as an action for declaratory judgment finds no support in the wording of the counterclaim. Although defendant's counterclaim requests the "[e]ntry of a Judgment rescinding the Policy," <u>see</u> Doc. 3, p. 9, nowhere does the counterclaim mention the phrase "declaratory judgment." There is no indication in the answer or counterclaim that defendant is

invoking this court's discretionary authority under the Declaratory Judgment Act. The cases relied upon by plaintiff are inapposite.

For example, in Arbor Health Care Co. v. Jackson, 39 Ohio App.3d 183, 186, 530 N.E.2d 928 (1987), the court stated: "Ordinarily, a declaratory judgment is a remedy in addition to other legal and equitable remedies and is to be granted where the court finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired." In that case, the plaintiff sought a declaratory judgment rather than pursuing statutorily provided administrative remedies. The court concluded that since those administrative remedies provided a "specialized procedure" for the type of relief sought by plaintiff, declaratory relief was inappropriate. Id. No administrative procedure is alleged to be available to the defendant in this case.

In Fuller, another case cited by plaintiff, the defendants, a car distributor and its president, filed a "motion" for declaratory judgment on the claims of conversion, negligence and interference with contract asserted by the plaintiff car purchasers after the distributor sold the vehicle they had purchased to a third party. The trial court granted, concluding that the purchasers had rescinded the sale. The court of appeals stated that "[i]t would be inconsistent with the orderly presentation of a plaintiff's case to allow a defendant to proceed first to prove his defenses to the claim by way of a motion for declaratory judgment." Fuller, 51 Ohio App.3d at 103. The court further found that a "motion" for declaratory judgment was procedurally incorrect and that the trial court's summary procedure did not comply with the requirements for granting summary judgment. Id. at 103-04. In contrast, no

"motion" for declaratory judgment has been filed in this case. The counterclaim gives no indication that defendant is attempting to subvert the orderly litigation of plaintiff's claims by using the vehicle of declaratory judgment as some sort of preemptive strike.

Even assuming that defendant's counterclaim is construed as an action for declaratory relief, there is support for the use of declaratory judgment procedures as a vehicle for seeking rescission of an insurance policy. For example, in Martin v. Mike Lovasz Agency, No. 2002-L-173 (11th Dist. unreported), 2004 WL 457298 (Ohio App. Mar. 12, 2004), the defendants, an insurance agency and insurance company, asserted a counterclaim for declaratory relief seeking rescission of the health insurance policy issued to the plaintiff on the ground that plaintiff provided willfully false statements regarding her medical history on her application. The trial court entered summary judgment in favor of the defendants. Id., 2004 WL 457298 at *2. Although the court of appeals reversed, holding that factual issues precluded summary judgment on defendants' right to rescind the policy, the defendants failed to meet their burden of proof, see id. 2004 WL 457298 at *4, at no point did the court of appeals indicate that a counterclaim for declaratory relief was an inappropriate vehicle for seeking rescission  See also Chicago Ins. Co. v. Capwill, 514 F.App'x 575, 576-77 (6th Cir. 2013)(upholding summary judgment for insurer on rescission claim in declaratory judgment action).

Plaintiff is also incorrect in arguing that defendant's right to rescind would necessarily be resolved during the litigation of plaintiff's claims.  Plaintiff's complaint asserts claims for breach of contract due to defendant's failure to pay death benefits

6

under the policy, failure to investigate, and breach of the implied covenant of good faith and fair dealing.  However, the complaint makes no reference to the defendant's rescission of the policy.  Plaintiff could prove the elements of his claims without touching on any of the elements which defendant is required to prove to establish its right to rescind the policy.  As discussed below, defendant's pursuit of rescission introduces a whole new set of issues into the case, upon which defendant bears the burden of proof.

Although defendant's counterclaim is styled as a counterclaim for rescission, the counterclaim essentially asserts a claim for fraudulent inducement and seeks rescission as a remedy.  Rescission is, strictly speaking, not a separate cause of action, but rather is an equitable remedy.  Carr v. Acacia Country Club Co., 970 N.E.2d 1075, 1090 (Ohio App. 2012)(citing J.A. Industries, Inc. v. All Am. Plastics, Inc., 133 Ohio App.3d 76, 83, 726 N.E.2d 1066 (1999)); Camp St. Mary's Assoc. of the West Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes, 176 Ohio App.3d 54, 71, 889 N.E.2d 1066 (2008)( rescission is an equitable remedy for breach of contract).  Rescission is not merely a termination of the contract; it is an annulment of the contract.  Mid-America Acceptance Co. v. Lightle, 63 Ohio App.3d 590, 599, 579 N.E.2d 721 (1989).  The primary purpose of rescission is to restore the status quo and to return the parties to the position they would have been in had the contract not been formed.  Otterbein Homes, 176 Ohio App.3d at 71.  "'Returning the parties to status quo is an integral part of rescission, and in doing so it is generally necessary to award the party seeking rescission at least his out-of-pocket

expenses.'" <u>Rosepark Properties, Ltd. v. Buess</u>, 167 Ohio App.3d 366, 384, 855 N.E.2d 140 (2006)(quoting <u>Lightle</u>, 63 Ohio App.3d at 599).

"At common law, generally, a party who has been fraudulently induced to enter into a contract has the option of rescinding the contract or retaining the contract and suing for damages based upon the tort of fraudulent inducement." <u>Lightle</u>, 63 Ohio App.3d at 599. A party (in this case, the defendant) who is seeking to rescind a contract procured by the fraudulent representations of another party to the contract must prove the following elements by clear and convincing evidence: (1) that there were actual or implied representations of material matters of fact; (2) that such representations were false; (3) that such representations were made by one party to the other with knowledge of their falsity; (4) that they were made with intent to mislead a party to rely thereon; and (5) that such party relied on such representations with a right to rely thereon. <u>Cross v. Ledford</u>, 161 Ohio St. 469, 475, 120 N.E.2d 118 (1954); <u>Spriggs v. Martin</u>, 115 Ohio App. 529, 534-35, 182 N.E.2d 20 (1961)(applying these elements in the case of an insurance policy). A fraudulent misrepresentation claim also requires proof of a resulting injury proximately caused by the reliance. <u>Burr v. Bd. of County Com'rs of Stark County</u>, 23 Ohio St.3d 69, 73, 491 N.E.2d 1101 (1986). The defendant will bear the burden of proving that it is entitled to rescind the policy, either in summary judgment proceedings or in a trial on the merits.

Examples of rescission pursued as part of a counterclaim can be found in Ohio cases. For example, in <u>Bell v. Turner</u>, 172 Ohio App.3d 238, 874 N.E.2d 820 (2007), the court entertained a

8

counterclaim seeking rescission of a land sale contract which was filed by the purchasers in an action brought by the sellers to collect the balance due on the contract. See also Rylee Ltd. v. Izzard Family Partnership, 178 Ohio App.3d 172, 897 N.E.2d 208 (2008)(upholding judgment in favor of vendor on vendor's counterclaim for rescission of building sale contract based on mistake). In fact, there is authority for the proposition that in an action for enforcement of an insurance policy, a counterclaim for rescission of the policy is a compulsory counterclaim under Fed.R.Civ.P. 13(a). See Fed.R.Civ.P. 13(a)(1)(A)("A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]"); Pizzulli v. Northwestern Mutual Life Ins. Co., No. 05 Civ. 1889(LAP) (unreported), 2006 WL 490097 at *2 (S.D.N.Y. Feb. 28, 2006)(claims for rescission and enforcement arise of the same transaction or occurrence)(citing Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991)).

A dismissal of defendant's counterclaim for rescission at this juncture would deprive the defendant of the opportunity to seek and prove its entitlement to the equitable remedy of rescission. The facts alleged in the counterclaim are sufficient to state a claim for rescission based on fraudulent inducement under Ohio law. Plaintiff's motion to dismiss (Doc. 6) is denied.

Date: December 23, 2014            s/James L. Graham
                                    James L. Graham
                                    United States District Judge

9